# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN
# MADISON DIVISION

| | |
|---|---|
| Karl Dersch<br><br>    Plaintiff,<br><br>v.<br><br>Nelson, Hirsch & Associates, Inc.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Madison, WI at all times relevant to this action.

2. Defendant is a Georgia corporation that maintained its principal place of business in Fairburn, GA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Quik Payday, Inc., which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around May 27, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt.

14. During this communication, Defendant falsely represented itself as a law firm.

15. During this communication, Defendant threatened to sue Plaintiff for check fraud.

16. During this communication, Defendant falsely represented that Plaintiff could be put in jail for check fraud.

17. On or around June 2, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt.

18. During this communication, Defendant threatened to sue Plaintiff for check fraud.

19. During this communication, Defendant falsely represented that Plaintiff could be put in jail for check fraud.

20. On or around June 7, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt.

21. During this communication, Defendant threatened to press charges against Plaintiff for check fraud.

22. During this communication, Defendant falsely represented that Plaintiff would go to jail.

23. At the time of the above communications, Defendant had neither the intent nor the ability to sue Plaintiff.

24. Defendant caused Plaintiff emotional distress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

27. In support hereof, Plaintiff incorporates paragraphs 13-23 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

29. In support hereof, Plaintiff incorporates paragraphs 15, 18, 21, and 23 as if specifically stated herein.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

                      RESPECTFULLY SUBMITTED,

                      Legal Helpers, P.C.

                      By: <u>s/Nicholas J. Prola</u>
                          Nicholas J. Prola
                          233 S. Wacker, Suite 5150
                          Chicago, IL 60606
                          Telephone: 866-339-1156
                          Fax: 312-822-1064
                          Email: npr@legalhelpers.com